# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Commonwealth of Virginia

v.

Helm

July 13, 1999

Case No. CH990234, CF990431

BY JUDGE ALFRED D. SWERSKY

Since this case is governed by the rule in *Battle v. Commonwealth*, 12 Va. App. 624 (1991), the Commonwealth's motion for entry of a *nolle prosequi* of CH990234 will be denied.

While there is no direct evidence of vindictiveness on the part of the prosecution, the effect of the reindictment of Defendant is to punish Defendant for the exercise of his statutory right to four peremptory challenges from the jury impaneled on June 11, 1999.

This situation is complicated by the Defendant's offer to waive two of his strikes to be able to proceed to trial at that time. After an assurance by the Court that the enhanced punishment provision of a second or subsequent offense had been struck from the indictment and the Commonwealth could not later present evidence of Defendant's prior convictions, the Defendant asserted his statutory right to four peremptory challenges. Since there were insufficient jurors after the challenges for cause, a mistrial was declared.

The Defendant was later indicted for the same offense with the enhanced punishment provision that had been struck from the previous indictment.

Even though the prosecution did not seek the indictment specifically to punish Defendant for the exercise of his rights, the effect of the reindictment is precisely that. See *United States v. Goodwin*, 457 U.S. 368 (1982).